IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GRIFFIN and<br>P & G CONSTRUCTION<br>CONSULTANTS LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>HAYWOOD COUNTY, TENNESSEE,<br>SERGEANT SCOTT HUNTER,<br>LIEUTENANT SHAWN WILLIAMS,<br>TENNESSEE FARMERS MUTUAL<br>INSURANCE COMPANY, and<br>CHARLES TROTTER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 1:23-cv-02142-STA-jay |

**ORDER GRANTING MOTION TO DISMISS OF DEFENDANT CHARLES TROTTER**

Plaintiffs William Griffin and P&G Construction Consultants LLC filed this action against Haywood County, Tennessee, Sergeant Scott Hunter, Lieutenant Shawn Williams, Tennessee Mutual Farmers Insurance Company, and Charles Trotter pursuant to 42 U.S.C. §1983, 42 U.S.C. § 1988, and Tenn. Code Ann. § 8-8-302[1] for the alleged violation of their civil rights. Defendant Trotter has filed a motion to dismiss (ECF No. 17), and Plaintiffs have filed a response. (ECF No. 20.) For the

---

[1] This section provides in relevant part that:

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

Tenn. Code Ann. § 8-8-302(a).

reasons set forth below, Defendant Trotter's motion to dismiss is **GRANTED**, and Defendant is dismissed from the action.

Standard of Review

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In order to avoid dismissal under Rule 12(b)(6), a plaintiff must include in its pleading "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Luis v. Zang*, 833 F.3d 619, 625–26 (6th Cir. 2016) (quoting *Kreipke v. Wayne St. Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)). When assessing the sufficiency of a complaint, the Court must view the factual allegations in the light most favorable to the plaintiff. *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)). While the Court must accept all of the well-pleaded factual allegations of the pleading as true, the Court need not accept legal conclusions masquerading as fact claims. *Wood v. Moss*, 572 U.S. 744, 757 n.5 (2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the final analysis, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Background/Analysis

The events giving rise to the present action are somewhat unclear. According to the amended complaint (ECF No. 6), Plaintiff Griffin went to the Haywood County Sheriff's Department "to advise that he had obtained an assignment of claims on behalf of P & G Consultants LLC while in the course and scope of his agency or employment with P & G Consultants LLC from Faye Sorrell" and that "P & G Consultants was holding funds pursuant to the assignment." (*Id.* at para. 9.) Defendant Hunter then arrested Plaintiff Griffin and told him he could not leave until he returned the funds to Ms. Sorrell and terminated the assignment. (*Id.* at para. 10.)

> The amended complaint alleges the following as to Defendant Trotter:
>
> Defendant Charles Trotter ("Trotter") was at all times relevant to this action acting in the course and scope of his agent as an attorney for Tennessee Farmers Mutual Insurance Company. (*Id.* at para. 7.)
>
> Defendants Trotter, Farmers, Haywood County, Tennessee, Williams and Hunter had an express or tacit agreement for [a] single plan, to violate Griffin's right to [be] free from unreasonable seizures and arrests, and restraints liberty, and P & G Construction Consultants LLCs be afforded substantive and procedural due process before being deprived of their property in the form of funds and the assignment of claims. This conduct constitutes a continuing violation up to and including March 21, 2022. (*Id.* at para. 12.)
>
> Trotter and Farmers acted jointly and severally in their express or tacit plan to deprive Plaintiffs of their IV and XIV rights by Trotter announcing the activity of Hunter and Williams in open court in Madison Circuit Court on March 16, 2022. This conduct constitutes a continuing violation up to and including March 21, 2022. This conduct also constitutes a §1983 conspiracy to violate the rights of Plaintiff. (*Id.* at para. 28.)

In essence, it appears that Plaintiffs are claiming that Defendants, including Defendant Trotter, conspired to arrest Plaintiff Griffin and then "harass" him and to deprive Plaintiffs of their property,

3

i.e., the funds from the assignment by Ms. Sorrell, in violation of their rights under the Fourteenth Amendment to the United States Constitution.[2]

In his motion, Defendant Trotter asserts that the complaint is devoid of facts to support an allegation that he participated in a conspiracy against Plaintiffs or any other cause of action against him. According to Defendant, the complaint makes "vague and deficient allegations" against him. Defendant notes that Plaintiff have not specified what was said in "open court" or how it ties into the alleged conspiracy.

Plaintiffs have responded that their allegations that Defendants Trotter and Hunter had an agreement to deprive Plaintiff Griffin of his liberty and Plaintiffs of their property interest in the assigned funds is sufficient to allege a conspiracy. They claim that the "temporal proximity" of the following acts support their allegations: Defendant Trotter's announcement in "open court," the seizure of Plaintiff Griffin, and/or the deprivation of the assigned funds, all of which occurred within a two-week period.[3]

---

[2] The parties have not addressed the issue of whether Defendant Trotter has some form of immunity for statements he made in court or in what role he made his statements. *See Briscoe v. LaHue*, 460 U.S. 325, 328 (1983) (holding that absolute immunity shields testimony given in judicial proceedings); *but see Delawder v. Platinum Fin. Servs. Corp.*, 189 F. App'x 369, 370 (6th Cir. 2006) (declining to decide the issue of whether "all necessary participants in a judicial proceeding enjoy absolute immunity from suit for statements made in and pertaining to the proceeding, and that this immunity extends to private attorneys and civil plaintiffs").

[3] Courts may look at "temporal proximity" in cases in which a retaliatory motive for an adverse action is alleged. *See, e.g., Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) (When "an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation.") *C.f., Peterson v. Grisham*, 594 F.3d 723, 731 (10th Cir. 2010) (applying Oklahoma civil conspiracy law and finding that "close temporal proximity" does not prove illegal activity). The present case contains no allegations of retaliation.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). "Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy [and] [e]ach conspirator need not have known all of the details of the illegal plan or all of the participants involved." *Hooks*, 771 F.2d at 944.

A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (citations and internal quotations marks omitted) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. Accordingly, pleading requirements governing civil conspiracies are relatively strict.").

Here, Plaintiffs' allegations of conspiracy are wholly conclusory. They allege no facts that indicate the existence of a plan, much less that any defendant shared a conspiratorial objective. Plaintiffs appear to rely on the attenuated inference of a conspiracy from the mere fact that Defendant Trotter mentioned the actions of two other defendants in open court. Plaintiffs do not allege what Defendant Trotter actually said so that the Court can determine if it any way related to the alleged conspiracy. *See Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988–89 (6th

5

Cir. 2012) ("The Amended Complaint's second fatal flaw is that it does not tie any factual allegations to the alleged constitutional violations and it does not identify how Defendants' actions resulted in the deprivation of constitutional rights. ... Trans Rail's Amended Complaint presents nothing more than legal conclusions in this respect.")

As the Supreme Court has held, such allegations as in this case, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556–57. Instead, the Supreme Court has recognized that, although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim when that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed...behavior." *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 567). Here, Plaintiffs have alleged no facts "creat[ing] a reasonable inference that multiple defendants reached a conscious agreement or coordinated their efforts to engage in tortious conduct." *ImageTrend, Inc. v. Locality Media, Inc.*, 2022 WL 17128009, at *7 (D. Minn. Nov. 22, 2022)

Accordingly, Plaintiff has failed to state a plausible claim against Defendant Trotter, and Defendant Trotter's motion to dismiss is **GRANTED**. The Clerk of the Court is **DIRECTED** to terminate Charles Trotter as a defendant in this matter.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. Thomas Anderson
United States District Judge

Date: October 20, 2023
