IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GRIFFIN and )<br>P & G CONSTRUCTION )<br>CONSULTANTS LLC, )<br>  )<br>  )<br>    Plaintiffs, )<br>  )<br>v. )<br>  )<br>  )<br>HAYWOOD COUNTY, TENNESSEE, )<br>SERGEANT SCOTT HUNTER, )<br>LIEUTENANT SHAWN WILLIAMS, )<br>TENNESSEE FARMERS MUTUAL )<br>INSURANCE COMPANY, and )<br>CHARLES TROTTER, )<br>  )<br>    Defendants. ) | No.: 1:23-cv-02142-STA-jay |

**ORDER GRANTING MOTION TO DISMISS OF DEFENDANT SCOTT HUNTER**

Plaintiffs William Griffin and P&G Construction Consultants LLC filed this action against Haywood County, Tennessee, Sergeant Scott Hunter, Lieutenant Shawn Williams, Tennessee Mutual Farmers Insurance Company, and Charles Trotter pursuant to 42 U.S.C. §1983, 42 U.S.C. § 1988, and Tenn. Code Ann. § 8-8-302[1] for the alleged violation of their civil rights. Defendants Haywood

---

[1] This section provides in relevant part that:

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit **against the county** in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

Tenn. Code Ann. § 8-8-302(a) (emphasis added). Accordingly, Plaintiffs cannot bring a cause of action against Defendant Hunter under § 8-8-302(a).

County, Shawn Williams, Tennessee Mutual Farmers Insurance Company, and Charles Trotter have been dismissed from the action. (ECF Nos. 26, 27.)

Defendant Hunter, the remaining defendant, has filed a motion to dismiss (ECF No. 19), Plaintiffs have filed a response, (ECF No. 23,), and Defendant has filed a reply. (ECF No. 24.) For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**, and Defendant Hunter is dismissed from the action.

## Standard of Review

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In order to avoid dismissal under Rule 12(b)(6), a plaintiff must include in its pleading "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Luis v. Zang*, 833 F.3d 619, 625–26 (6th Cir. 2016) (quoting *Kreipke v. Wayne St. Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)). When assessing the sufficiency of a complaint, the Court must view the factual allegations in the light most favorable to the plaintiff. *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)). While the Court must accept all of the well-pleaded factual allegations of the pleading as true, the Court need not accept legal conclusions masquerading as fact claims. *Wood v. Moss*, 572 U.S. 744, 757 n.5 (2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the final analysis, the plaintiff must allege facts that, if

accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

<u>Background/Analysis</u>

The events giving rise to the present action are somewhat unclear. According to the amended complaint (ECF No. 6), Plaintiff Griffin went to the Haywood County Sheriff's Department "to advise that he had obtained an assignment of claims on behalf of P & G Consultants LLC while in the course and scope of his agency or employment with P & G Consultants LLC from Faye Sorrell" and that "P & G Consultants was holding funds pursuant to the assignment." (*Id.* at para. 9.) Defendant Hunter, a Haywood County deputy, then "unreasonably seized" and "unlawfully arrested" Plaintiff Griffin and "gave Griffin the impression that he was not able to voluntarily leave" until he returned the funds to Ms. Sorrell and terminated the assignment. (*Id.* at para. 10.)

> Hunter continued to threaten and unlawfully restrain Griffin via his ability to conduct business in Haywood County by communications, threats, and e-mails and other communications that continued after March 15, 2022 until Hunter deprived P&G of its property interests in the funds and the assignment of claims on or about March 21, 2022. This conduct constitutes a continuing violation up to and including March 21, 2022.

(*Id.*)

> The amended complaint further alleges that:
>
> Defendants Trotter, Farmers, Haywood County, Tennessee, Williams and Hunter had an express or tacit agreement for [a] single plan, to violate Griffin's right to [be] free from unreasonable seizures and arrests, and restraints liberty, and P & G Construction Consultants LLCs be afforded substantive and procedural due process before being deprived of their property in the form of funds and the assignment of claims. This conduct constitutes a continuing violation up to and including March 21, 2022.

(*Id.* at para. 12.)

3

To the extent that Plaintiffs have alleged that Defendants conspired to arrest Plaintiff Griffin and then "harass" him and to deprive Plaintiffs of their property, i.e., the funds from the assignment by Ms. Sorrell, in violation of their rights under the Fourteenth Amendment to the United States Constitution, this claim must be dismissed because the complaint lacks any facts to support an allegation that Hunter, or any other defendant, participated in a conspiracy against Plaintiffs.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). "Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy [and] [e]ach conspirator need not have known all of the details of the illegal plan or all of the participants involved." *Hooks*, 771 F.2d at 944.

A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (citations and internal quotations marks omitted) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. Accordingly, pleading requirements governing civil conspiracies are relatively strict.").

Here, Plaintiffs' allegations of a conspiracy are wholly conclusory. They allege no facts that indicate the existence of a plan, much less that any defendant shared a conspiratorial objective or that any actions were taken in furtherance of a conspiratorial plan. Plaintiffs appear to rely on the attenuated inference of a conspiracy from the mere fact that Defendant Trotter mentioned the actions of two other defendants in open court. Plaintiffs do not allege what Defendant Trotter actually said so that the Court can determine if it is any way related to the alleged conspiracy nor do they specify what the court proceeding entailed. *See Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988–89 (6th Cir. 2012) ("The Amended Complaint's second fatal flaw is that it does not tie any factual allegations to the alleged constitutional violations and it does not identify how Defendants' actions resulted in the deprivation of constitutional rights. ... Trans Rail's Amended Complaint presents nothing more than legal conclusions in this respect.")

The allegations in this case do not even hint at a "possibility" of conspiracy, much less contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556–57. Plaintiffs have alleged no facts "creat[ing] a reasonable inference that multiple defendants reached a conscious agreement or coordinated their efforts to engage in tortious conduct." *ImageTrend, Inc. v. Locality Media, Inc.*, 2022 WL 17128009, at *7 (D. Minn. Nov. 22, 2022). Accordingly, Plaintiffs have failed to state a plausible claim of conspiracy, and this claim against Defendant Hunter is dismissed.

Plaintiffs have also alleged claims of excessive force and state law assault and battery, unlawful seizure and arrest, and due process violations against Defendant Hunter. This action was filed on March 16, 2023. Defendant argues that any claims predicated on actions that occurred on or before March 15, 2022, are barred by the one-year statute of limitations. The Court agrees.

It is well-settled that, under Tennessee law, the statute of limitations applicable to § 1983 actions is the same as the statute of limitations for personal injury - one year. *See* Tenn. Code. Ann. § 28-3-104(a); *Wolfe v. Perry*, 412 F.3d 707, 713-14 (6th Cir. 2005) (stating that, because there is no applicable "statute of limitations governing § 1983 actions, federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought."). Plaintiffs' claim of assault and battery is also subject to a one-year statute of limitations. *See Ramsay v. Custer*, 387 S.W.3d 566, 570 n.1 (Tenn. Ct. App. 2012).

Plaintiffs argue that the "continuing violation doctrine" tolls the statute of limitation and that "the last act of the continuing violation was the continued seizure of Griffin until he committed to return the funds to Sorrell and reassign the claim which the Court can infer continued [until] the 16th of March 2023 (sic)." (Resp. p. 2.) They also contend that "the restraint of [Griffin's] liberty" continued through March 21, 2023 (sic), and the "deprivation of the assignment and the funds occurred" on March 21, 2023 (sic)."[2] (*Id.* at pp. 2-3.) Plaintiffs have not argued that any excessive force claim or state law assault and battery claim that occurred on March 15, 2022, are subject to the continuing violation doctrine.[3] Therefore, any claims brought against Defendant Hunter for the alleged use of excessive force and/or assault and battery against Plaintiff Griffin on March 15, 2022, are barred by the one-year statute of limitations and are dismissed.

---

[2] It appears that Plaintiffs meant to allege that these actions continued throughout March 16, 2022, and March 21, 2022.

[3] To the extent that Plaintiffs do make this argument, Tennessee courts do not recognize the continuing violation doctrine other than in the employment context. *See Deuel v. Dalton,* 2012 WL 1155208, at *7 (M.D. Tenn. Apr. 4, 2012) (quoting *Spicer v. Beaman Bottling Co.*, 937 S.W.2d 884, 890 (Tenn. 1996) (noting that Tennessee courts have recognized the continuing violation exception only in the context of employment discrimination claims)*.*

The "Sixth Circuit employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions." *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *see also Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 257 (6th Cir. 2014) ("Courts have been 'extremely reluctant' to extend the continuing-violation doctrine beyond the context of Title VII[.]" (internal citations omitted)). This doctrine permits tolling of the limitations period under three conditions:

> First, the defendant's wrongful conduct must continue after the precipitating event that began the pattern[.] ... Second, injury to the plaintiff must continue to accrue after that event. Finally, further injury to the plaintiffs must have been avoidable if the defendants had at any time ceased their wrongful conduct.

*Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999). A "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." (*Id.* (internal citations omitted)). Continuing violations in the § 1983 context are akin to hostile-work environment claims where the harm "cannot be said to occur on any particular day" and individual incidents are not actionable on their own. *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 115 (2002). Thus, a civil rights claim accrues at the time that the plaintiff knows or should have known of the allegedly discriminatory or unlawful action upon which the claim is based, even though the ill effects of such action may continue — or not even be felt — until sometime thereafter. *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980).

In this case, Plaintiffs cannot rely on the continuing violation claim to save their contention that Plaintiff Griffin was falsely arrested, even if he was held beyond March 15, 2022.

> Federal appellate courts thus have concluded that claims under § 1983 for false arrest that are otherwise time-barred are not saved by the continuing violation doctrine due to the plaintiff's continued incarceration following the arrest. *See McCormick v. Farrar*, 147 Fed. Appx. 716, 721–22 (10th Cir. 2005) (holding that arrestee's § 1983 claim for false arrest and false imprisonment involved a discrete

7

> act that began and ended on day of arrest, and thus, even if action had continuing impact on arrestee until he was released two days later, continuing violation doctrine did not apply to extend statute of limitations period until end of arrestee's period of confinement); *Petaccio v. Davis*, 76 Fed. Appx. 442, 444–45 (3d Cir.2003) (holding that incarceration does not create a "continuing violation" for purposes of § 1983 false arrest and imprisonment claim).
>
> Therefore, even if plaintiffs remain incarcerated or on probation as a result of their allegedly unlawful arrest, this fact does not bring their claims within the "continuing violation" doctrine.

*Mann v. Compton*, 2007 WL 854725, at *2 (E.D. Ky. Mar. 16, 2007). Here, the alleged false arrest and imprisonment claims[4] were discrete acts. Accordingly, the Court finds that Plaintiffs' claim for unlawful arrest and/or seizure of Plaintiff Griffin must be dismissed as barred by the applicable statute of limitations.[5]

The only remaining claim is that Defendant violated Plaintiff P&G Construction Consultants' Fourteenth Amendment due process rights by depriving it "of its funds and assignment" by requiring it to return the assigned funds to Faye Sorrell on March 21, 2022. Plaintiffs contend that they did not receive notice of the deprivation of their funds before the funds were deprived and that the *Parratt/Hudson* doctrine does not apply.

---

[4] It is not clear that Plaintiffs actually claim that Plaintiff Griffin was falsely imprisoned or that there was an "official" arrest.

[5] To the extent that Plaintiffs contend that Defendant "continued to threaten and unlawfully restrain Griffin via his ability to conduct business in Haywood County by communication, threats, and e-mails and other communications," this claim fails because "[i]t is well established that allegations of verbal harassment against a state agent fail to state a claim under § 1983 because 'being placed in fear from spoken words is not an actual infringement of a constitutional right' and 'mere threat to do an act prohibited by the Constitution is not equivalent to doing the act itself.'" *El-Bey v. Wallace*, 2023 WL 1857797, at *11 (S.D. Ohio Feb. 9, 2023) (quoting *Newsome v. Erwin*, 137 F.Supp.2d 934, 940 n. 5 (S.D. Ohio 2000)). *See also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 452, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.").

The United States Constitution defines the procedures a state must follow when depriving an individual of a property interest. "Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005). Under certain circumstances, however, a state may satisfy due process without providing notice or an opportunity to be heard pre-deprivation, as set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Zinermon v. Burch*, 494 U.S. 113 (1990).

In *Parratt* and *Hudson*, the Supreme Court reasoned that, when a deprivation occurs through random and unauthorized acts, the state has not run afoul of the Due Process Clause unless there is no adequate post-deprivation process. *Hudson*, 468 U.S. at 533 (applying rule to intentional deprivations); *Parratt*, 451 U.S. at 543–44 (applying rule to negligent deprivations). The state must provide due process when it deprives a party of its property; if that cannot be accomplished before the deprivation, the state can do so afterward; post-deprivation process may include, for example, a state-law tort remedy capable of making the plaintiff whole. *Zinermon*, 494 U.S. at 115; *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir.1999). When adequate post-deprivation process exists, no § 1983 due process action will lie. Therefore, to survive a motion to dismiss, the § 1983 plaintiff must plead the absence of adequate post-deprivation process in cases when the deprivation is random and unauthorized, such as in the present case. *See Macene v. MJW, Inc.*, 951 F.2d 700, 705 (6th Cir.1991).

Here, even accepting Plaintiffs' allegations as true, Plaintiffs have not alleged the inadequacy of the remedies available under Tennessee law. *See Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in

9

a procedural due process case, then no constitutional deprivation has occurred despite the injury."). When a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See*, *e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (upholding the dismissal of a procedural due process claim when the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate...."); *Ruiz v. Fisher*, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property when he had not pled "that state remedies for redressing the wrong [were] inadequate").

Here, Plaintiffs have failed to sufficiently plead that the post-deprivation tort remedies available to them under Tennessee law are inadequate to adjudicate their property-loss claims as required under *Parratt* and *Vicory*. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the post-deprivation process requirement of the Due Process Clauses"). Furthermore, they have not alleged any facts evidencing that it was Defendant Hunter himself who deprived Plaintiff of its funds. Such "threadbare recitals" fall short of stating a plausible procedural due process claim, as required under *Iqbal* and *Twombly*. Because Tennessee state law provides a remedy in tort for the alleged unauthorized deprivation of the assigned funds, Plaintiffs are precluded from bringing a Fourteenth Amendment procedural due process claim, and this claim must be dismissed.

In summary, the motion to dismiss of Defendant Hunter is **GRANTED**, and he is hereby **DISMISSED** as a defendant. Because Defendant Hunter is the sole remaining defendant, the Clerk of the Court is **DIRECTED** to enter judgment in favor of defendants.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  November 28, 2023.